IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHY A. MOTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4588-D |
| VS. | § | |
| | § | |
| HALFF ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Kathy A. Moton ("Moton") alleging various federal- and

state-law claims against defendant Halff Associates, Inc. ("Halff") following the termination

of her employment, Halff moves for partial dismissal of certain of Moton's pendent state-law

claims under Fed. R. Civ. P. 12(b)(6). The court denies the motion in part as moot and in

part without prejudice.[1]

I

Moton brings seven claims against Halff: (1) age discrimination, (2) race

discrimination, (3) retaliation, (4) Texas Pay Day Act, (5) defamation, (6) tortious

interference with a business relationship, and (7) wrongful termination. Halff moves under

Rule 12(b)(6) to dismiss her claims for defamation, tortious interference with a business

_____

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

relationship, violation of the Texas Pay Day Act, and wrongful termination.  Moton opposes

the motion.

II

The court denies as moot the motion to dismiss Moton's wrongful termination claim

because she is not asserting a Texas common law wrongful termination claim.  It is apparent

from Moton's complaint that she is alleging wrongful termination based on the Age

Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Chapter 21 of the Texas Labor Code

rather than a "free-standing claim for wrongful termination under Texas law."  D. Br. 3; *see*

*also id.* ("Plaintiff bases her wrongful termination claim on previously plead causes of action

for discrimination under the ADEA, Title VII and Chapter 21 of the Texas Labor Code.");

P. Resp. 2 ("Plaintiff is entitled to prosecute her Wrongful Termination claims under Title

VII, ADEA, Chapter 21 of the Texas Labor Code and other similar statutes concerning

harassment, discrimination and retaliation.").  The court therefore denies this ground of

Halff's motion as moot.

III

The court denies the balance of Halff's motion without prejudice.  Moton has invoked

this court's federal question jurisdiction, and she is asserting pendent state-law claims under,

*inter alia*, 28 U.S.C. § 1367(a), the court's supplemental jurisdiction.  *See* Compl. ¶¶ 4-5.

Although Halff is not moving at this time to dismiss Moton's federal-law claims, it is

possible that Halff will later move to dismiss them on motion for summary judgment.  Such

motions are now made almost invariably in cases of this type.  If the court were to dismiss

Moton's federal-law claims on summary judgment motion, only her state-law claims would

remain.[2]  Although this court can exercise supplemental jurisdiction over the state-law claims

under 28 U.S.C. § 1367(a), "when all federal claims are dismissed or otherwise eliminated

from a case prior to trial, [the Fifth Circuit has] stated that [its] 'general rule' is to decline

to exercise jurisdiction over the pendent state law claims." *McClelland v. Gronwaldt*, 155

F.3d 507, 519 (5th Cir. 1998) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)),

*overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir.

2003) (en banc).  The court declines to weigh in at this early stage of the case on the merits

of state-law claims that it may never reach.[3]

* * *

Accordingly, Halff's January 7, 2014 motion for partial dismissal for failure to state

_____

[2]The court emphasizes that it is *not* suggesting that Moton's federal-law claims will be dismissed on motion for summary judgment.  It is necessary to consider this possibility, however, to understand why the court is declining to reach Halff's motion concerning the state-law claims at issue.

[3]If the court later determines that Moton is entitled to a trial on any of her federal-law claims, it can address the viability of her state-law claims if Halff challenges them anew.

a claim is denied in part as moot and denied in part without prejudice.

**SO ORDERED**.

February 19, 2014.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE