IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KATHY A. MOTON,                          §
                                         §
                    Plaintiff,           §
                                         §  Civil Action No. 3:13-CV-4588-D
VS.                                      §
                                         §
HALFF ASSOCIATES, INC.,                  §
                                         §
                    Defendant.           §

MEMORANDUM OPINION
AND ORDER

    In this action by plaintiff Kathy A. Moton ("Moton") alleging various federal- and

state-law discrimination and related claims against defendant Halff Associates, Inc. ("Halff"),

Halff moves for summary judgment.  For the reasons that follow, the court dismisses

Moton's federal-law claims with prejudice, declines to exercise supplemental jurisdiction

over her state-law claims, and dismisses her state-law claims without prejudice by judgment

filed today.

I

    Moton, an African-American who was age 54 when she filed suit, was employed by

Halff as a Secretary and Executive Assistant from 1982 until Halff terminated her

employment in 2013.  Moton now sues Halff to recover on federal claims for age

discrimination, in violation of the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. § 621 *et seq.*; race, color, sex, and national origin discrimination

(disparate treatment and impact), in violation of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq.*, and (3) retaliation, in violation of the ADEA and Title VII.  She also asserts corollary and/or related pendent state-law claims.

In an earlier motion, Halff moved under Fed. R. Civ. P. 12(b)(6) to dismiss some of Moton's state-law claims.  The court denied that motion, in part as moot and in part on the assumption that it would decline to exercise supplemental jurisdiction over Moton's state-law claims if it later dismissed her federal-law claims.  *See Moton v. Halff Assocs., Inc.*, 2014 WL 642764, at *1 (N.D. Tex. Feb. 19, 2014) (Fitzwater, C.J.) ("*Moton I*").

Halff now moves for summary judgment dismissing all of Moton's claims.  Regarding her Title VII race discrimination claim, Halff points to the absence of evidence of an adverse employment action (other than her termination) and the absence of sufficient evidence to establish a prima facie case or pretext.[1]  Concerning Moton's ADEA claim for age discrimination, Halff moves for summary judgment on the grounds that Moton is relying on "tenure discrimination" rather than age discrimination, and that she cannot recover for age discrimination because she cannot establish a prima facie case or pretext.  Halff moves for summary judgment dismissing Moton's ADEA and Title VII retaliation claims on the grounds that she cannot establish a prima facie case or pretext (i.e., the essential element of

----

[1]Halff also relies in part on a limitations defense to Moton's race discrimination claim, contending that any of Moton's claims that predate November 30, 2012 are time-barred because she did not file her charge of discrimination with the Equal Employment Opportunity Commission until September 27, 2013.  In her summary judgment response, however, Moton makes clear that she is not relying on conduct that predates November 30, 2012 to establish race discrimination claims but simply to show Halff's conduct.  *See* P. Br. 5.  Accordingly, the court need not address Halff's limitations argument.

"but for" causation).

Moton opposes Halff's motion, although, as the court explains below, her response is totally deficient. In Halff's reply, and in reliance on this deficiency, Halff moves to strike the response, or, alternatively, for summary judgment dismissing Moton's claims.[2]

## II

Because the summary judgment standards and procedural requirements are dispositive of Halff's motion, the court turns to them first.

## A

When, as here, Halff is moving for summary judgment on claims on which Moton will bear the burden of proof at trial,[3] Halff can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support Moton's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Halff does so, Moton must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial.

---

[2]The court denies the motion to strike and instead concludes that the deficiencies in Moton's response brief warrant the entry of summary judgment dismissing her federal-law claims.

[3]Were the court considering Halff's limitations argument, Halff would have a different—and higher—burden in this respect. Because Halff would have the burden of proof at trial of establishing the limitations defense, it would be necessary at the summary judgment stage for Halff to "establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). But this burden is inapposite in view of Moton's clarification that she is not relying on conduct that predates November 30, 2012 to establish race discrimination claims. *See supra* note 1.

*See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Moton's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moton's failure to produce proof as to any essential element of a claim renders all other facts immaterial.   *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).   Summary judgment is mandatory if Moton fails to meet this burden. *Little*, 37 F.3d at 1076.

B

The national and local summary judgment rules dictate how a party who opposes summary judgment must cite the summary judgment record.   Rule 56(c)(1)(A) provides, in relevant part: "A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"   Rule 56(c)(3) states, in relevant part: "[t]he court need consider only the cited materials[.]"   Rule 56(e) provides that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"   And N.D. Tex. Civ. R. 56.5(c) provides: "[w]hen citing materials in the record, as required by Fed. R. Civ. P.

- 4 -

56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix."

In sum, "Rule 56 . . . saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Arrieta v. Yellow Transp., Inc.*, 2008 WL 5220569, at *2 n.3 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.) (quoting *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)), *aff'd sub nom., Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644 (5th Cir. 2012). "[T]he court is not obligated to comb the record in search of evidence that will permit a nonmovant to survive summary judgment." *Id.* (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)).

### III

Regarding each of Moton's federal-law claims, Halff has moved for summary judgment by pointing to the absence of evidence to support the claim in question. By doing so, Halff has shifted to Moton the burden of producing evidence that would enable a reasonable trier of fact to find in her favor on that claim.

Moton has failed, however, to meet her burden of introducing—or even citing—evidence that would enable a reasonable trier of fact to find in her favor. First, her brief is not accompanied by an evidence appendix, i.e., she offers no evidence in support of her claims.

Second, although Moton is not obligated to submit an evidence appendix if the

- 5 -

evidence is already in the summary judgment record—e.g., in Halff's appendix—Moton does not cite the record at all. As Halff points out in moving to strike Moton's brief—a 17-page brief (of which 12 pages contain argument)—Moton does not cite the summary judgment evidence *even once*. *See* D. Reply 1 ("As a threshold matter, Moton fails in her Response to include a single citation to substantive law or offer any evidentiary support as to why her claims should not be summarily dismissed.") & 2 ("Moton's 12-page Response is entirely devoid of any evidentiary support for the allegations raised against Halff within. Accordingly, any assertions made by Moton fail to create an issue of fact such to defeat summary judgment."). Moreover, the assertions that she makes regarding the evidence are largely general and conclusory.

Accordingly, because Moton has failed to carry her burden of introducing evidence that would enable a reasonable trier of fact to find in her favor, the court grants Halff's motion to the extent of dismissing her federal-law claims with prejudice.

IV

As the court indicated in *Moton I*, it declines to exercise supplemental jurisdiction over Moton's state-law claims, and it dismisses them without prejudice. The court explained in *Moton I*:

> Although Halff is not moving at this time to dismiss Moton's federal-law claims, it is possible that Halff will later move to dismiss them on motion for summary judgment. Such motions are now made almost invariably in cases of this type. If the court were to dismiss Moton's federal-law claims on summary judgment motion, only her state-law claims would remain. Although this court can exercise supplemental jurisdiction over

the state-law claims under 28 U.S.C. § 1367(a), when all federal claims are dismissed or otherwise eliminated from a case prior to trial, the Fifth Circuit has stated that its general rule is to decline to exercise jurisdiction over the pendent state-law claims.  The court declines to weigh in at this early stage of the case on the merits of state-law claims that it may never reach.

*Moton I*, 2014 WL 642764, at *1 (footnotes, citations, internal quotation marks, and brackets omitted).

\* \* \*

For the reasons explained, Halff's December 15, 2014 motion for summary judgment is granted in part and denied in part without prejudice.  By judgment filed today, Moton's federal-law claims are dismissed with prejudice, and her state-law claims are dismissed without prejudice.

**SO ORDERED**.

February 3, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 7 -